UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GAMALIEL JOSHUA CINEUS,

    Plaintiff,

v.                                                                         CASE NO.6:14-cv-19-Orl-37TBS

JOE A. CAPECE, et al.,

    Defendants.

## ORDER

This case is before the Court on Plaintiff's Motion to Dismiss Defendant (Doc. No. 34). The Court construes Plaintiff's motion as a notice of voluntary dismissal of Defendant Demings. Defendant Demings has filed a response indicating that she has no objection to Plaintiff's motion (Doc. No. 37).

The Federal Rules of Civil Procedure permit a plaintiff to dismiss an action or defendant voluntarily only by court order after the defendant has filed an answer to the complaint unless there is a stipulation signed by all parties to the action. Fed. R. Civ. P. 41(a). Federal courts have held that "in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Stephens v. Georgia Dep't of Transp.*, 134 F. App'x 320, 323 (11th Cir. 2005) (quotation omitted); *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986) (noting the "purpose of [Rule 41(a)(2)] is primarily to

prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.").

Defendant Demings does not allege that she will suffer any legal prejudice in the event that the voluntary dismissal is granted. Accordingly, because Defendant Demings will not be prejudiced by the entry of a voluntary dismissal, it is **ORDERED** that Plaintiff's motion is **GRANTED**. Defendant Demings is **DISMISSED** from this action without prejudice.

**DONE AND ORDERED** at Orlando, Florida, this 3rd day of June, 2014.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 6/3
Gamaliel Joshua Cineus
Counsel of Record